**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CASE NO. 1:24-cr-76 |
| | : | |
| | : | JUDGE Barrett |
| **v.** | : | |
| | : | <u>**SEALED INDICTMENT**</u> |
| | : | |
| **DENISS ZOLOTARJOVS,** | : | **18 U.S.C. § 1956(h)** |
| a/k/a "Sforza_cesarini," | : | **18 U.S.C. § 1349** |
| | : | **18 U.S.C. § 1951** |
| | : | |
| **Defendant.** | : | **Forfeiture Allegations** |
| | : | |
| | : | |

**THE GRAND JURY CHARGES:**

<u>**COUNT ONE**</u>
**(Money Laundering Conspiracy)**

1.      From in or about August of 2021 through in or about December of 2023, in the Southern District of Ohio and elsewhere, the defendant, **DENISS ZOLOTARJOVS, a/k/a "Sforza_cesarini,"** did knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury to commit offenses against the United States, in violation of Title 18, United States Code, Sections 1956 and 1957, to wit:

    a.   to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

    b.   to knowingly engage and attempt to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived

1

property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, wire fraud and extortion, in violation of Title 18, United States Code, Section 1957.

## Manner and Means

2. The manner and means by which **ZOLOTARJOVS** and his co-conspirators sought to accomplish the objects of the conspiracy included, among others, the following:

a. It was part of the conspiracy that from in or about August of 2021 through December of 2023, **ZOLOTARJOVS** worked with others to conduct ransomware attacks on multiple computer systems of companies and businesses around the world, including companies and businesses headquartered or located in the United States, and including the computer system of an entity in Cincinnati, Ohio ("Company-1").

b. It was further part of the conspiracy that, to conduct such ransomware attacks, **ZOLOTARJOVS** and others gained access to victim companies' computers through fraud and misrepresentations. For example, at times conspirators used phishing emails to lure recipients, including at Company-1, into clicking links that facilitated access to the computer systems. **ZOLOTARJOVS** and others also used stolen credentials to gain access to computer systems.

c. It was further part of the conspiracy that, once **ZOLOTARJOVS** and others had gained access to the victim companies' computer systems, they would encrypt the victim companies' data so the victim companies could not access their own computer systems.

d. It was further part of the conspiracy that, once **ZOLOTARJOVS** and others encrypted the victim companies' data, they would demand monetary instruments or funds from the companies and businesses in order to: (1) avoid further damage to the computers; (2) prevent public release of stolen data and information; and/or (3) obtain the tools required to decrypt or access the stolen data.

2

e.    It was further part of the conspiracy that **ZOLOTARJOVS** and others would demand and receive payment in cryptocurrency.

f.    It was further part of the conspiracy that **ZOLOTARJOVS** and others would move the cryptocurrency payments through multiple cryptocurrency wallets before the cryptocurrency was deposited in a Russian exchange.

**In violation of Title 18, United States Code, Section 1956(h).**

## COUNT TWO
### (Wire Fraud Conspiracy)

3.    From in or about August of 2021 through in or about December of 2023, in the Southern District of Ohio and elsewhere, the defendant, **DENISS ZOLOTARJOVS, a/k/a "Sforza_cesarini,"** did knowingly and intentionally conspire and agree with other persons known and unknown to the Grand Jury to devise a scheme and artifice to defraud and obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and to transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce certain writings, signs, signals, and sounds in furtherance of such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

**Manner and Means**

4.    The manner and means by which the defendant and his co-conspirators sought to accomplish the objects of the conspiracy included, among others, the following:

a.    It was part of the conspiracy that from in or about August of 2021 through December of 2023, **ZOLOTARJOVS** worked with others to conduct ransomware attacks on multiple computer systems of companies in the United States and around the world, including companies and businesses headquartered or located in the United States, and including the computer system of Company-1.

3

b. It was further part of the conspiracy that, to conduct such ransomware attacks, **ZOLOTARJOVS** and others gained access to victim companies' computers through fraud and misrepresentations. For example, at times conspirators used phishing emails to lure recipients, including at Company-1, into clicking links that facilitated conspirators' access to the computer systems. At times, **ZOLOTARJOVS** and others also used stolen credentials to gain access to computer systems.

c. It was further part of the conspiracy that, once **ZOLOTARJOVS** and others had gained access to the victim companies' computer systems, they would encrypt the victim companies' data so the victim companies could not access their own computer systems.

d. It was further part of the conspiracy that **ZOLOTARJOVS** and others demanded monetary instruments or funds from the companies in order to: (1) avoid further damage to the computers; (2) prevent public release of stolen data and information; and/or (3) obtain the tools required to decrypt or access the stolen data.

e. It was further part of the conspiracy that **ZOLOTARJOVS** and others would threaten further harm to the computer systems and data of the companies if the companies refused to provide monetary instruments or funds.

f. It was further part of the conspiracy that **ZOLOTARJOVS** and others threatened to publish Company-1's data unless Company-1 paid the conspirators. For example, **ZOLOTARJOVS** and others threatened to publish all of Company-1's stolen data on a public site, among other things, if Company-1 did not pay $650,000.

**In violation of Title 18, United States Code, Section 1349.**

### COUNT THREE
#### (Hobbs Act Extortion Conspiracy)

5. Beginning in or about August of 2021 through in or about December of 2023, in the

4

Southern District of Ohio and elsewhere, the defendant, **DENISS ZOLOTARJOVS, a/k/a "Sforza_cesarini,"** did knowingly, intentionally, and unlawfully agree and conspire with other persons known and unknown to the Grand Jury to unlawfully obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in commerce, through extortion, as that term is defined in Title 18, United States Code, Section 1951; to wit, **ZOLOTARJOVS** agreed with others to seek to obtain property from companies within the United States with their consent, induced by fear, including fear of economic loss and harm.

**In violation of Title 18, United States Code, Sections 1951.**

**FORFEITURE ALLEGATION ONE**

Upon conviction of the offense set forth in Count One of this Indictment, the defendant, **DENISS ZOLOTARJOVS, a/k/a "Sforza_cesarini,"** shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property including, but not limited to, a sum of money equal to the amount of money involved in the offense in the form of a forfeiture money judgment.

**FORFEITURE ALLEGATION TWO**

Upon conviction of one or more of the offenses set forth in Counts Two and/or Three of this Indictment, the defendant, **DENISS ZOLOTARJOVS, a/k/a "Sforza_cesarini,"** shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation(s) including, but not limited to, a sum of money equal to the amount of proceeds the defendant obtained as a result of the offense(s) in the form of a forfeiture money judgment.

**SUBSTITUTE ASSETS**

If any of the property described above, as a result of any act or omission of the defendant:

5

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) or 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant, up to the value of the property described above.

**A TRUE BILL.**

/s/
_____
**GRAND JURY FOREPERSON**

**KENNETH L. PARKER**
**UNITED STATES ATTORNEY**

_____
**MEGAN GAFFNEY PAINTER**
**ASSISTANT UNITED STATES ATTORNEY**

6

